# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>vs.<br><br>ROBERT DETTBARN,<br>　　　　Defendant. | Case No. 18-cr-1032-CJW<br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Before me is Defendant's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g), filed on February 18, 2022. (Doc. 40.) Unfortunately, this pending motion was not brought to the Court's attention until December 22, 2025. The Government filed a timely resistance on March 30, 2022. (Doc. 45.)

## II. FINDINGS OF FACT

On August 21, 2018, a grand jury returned an Indictment against Defendant (Doc. 2) which charges Defendant with one count of Possession of a Firearm by a Felon in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2). There is not a forfeiture allegation in the Indictment.

On September 27, 2018, pursuant to a plea agreement, Defendant pleaded guilty Count 1 of the Indictment. (Doc. 22.)

Paragraph 29 of the parties' plea agreement provides:

> Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and the search of defendant's person and a vehicle that defendant occupied on May 22, 2018. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under

1

> Local Criminal Rule 57.3(c) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

Doc. 23 at 11-12.

Paragraph 30 of the Plea Agreement contains a comprehensive list of the items Defendant voluntarily forfeited. (Doc. 23 at 12-13.) My Report and Recommendation was filed that same day. (Doc. 24.) On October 16, 2018, the District Court filed an Order accepting my Report and Recommendation. (Doc. 28.)

On February 4, 2019, Defendant was sentenced. (Docs. 35, 36.) The Court did not address forfeiture at sentencing or enter further orders relating to forfeiture of the Property.

### III. THE PARTIES' ARGUMENTS

#### A. *Defendant's Motion for Return of Seized Property*

Defendant's Motion for Return of Seized Property asserts the Court has equitable jurisdiction over Rule 41(g) motions filed after the termination of criminal proceedings. Defendant's motion requests the Court order the Government to return Defendant's "personal property sized during all stages of his arrest and legal proceedings for which this case arises." (Doc. 40 at 1.) Defendant provides a list of the property he wants returned which includes a wallet, credit/debit cards, two pocketknives, a social security card, a birth certificate, black Samsung Galaxy S7 cellphone, black cellphone case, and small drawstring bag with engagement ring inside. Defendant's motion also states:

> the items to be returned to Dettbarn were not subject to civil forfeiture, because the items were not used in his criminal case, nor were they seized for being contraband.

Doc. 40 at 3-4.

## B. The Government's Arguments

The Government agrees with Defendant that Rule 41(g) is the proper remedy; however, the Government states:

> defendant knowingly and willingly forfeited and abandoned the property he now seeks to have returned. Specifically, pursuant to paragraph 29 of the plea agreement in this case, defendant forfeited and abandoned all items seized from him on May 22, 2018. (Docket 23). This includes all items defendant lists in his motion.

Doc. 45 at 2.

## IV. DISCUSSION

The parties agree that Rule 41(g) would be the proper remedy for Defendant to motion for the return of his property. However, as stated above, Defendant signed a plea agreement on September 22, 2018 which forfeited and abandoned all claim to items seized. As quoted above, paragraph 29 of the parties' plea agreement provides:

> Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and the search of defendant's person and a vehicle that defendant occupied on May 22, 2018. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57.3(c) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

Doc. 23 at 11-12. The plea agreement was admitted into evidence at Defendant's September 27, 2018 change of plea hearing. At that hearing, per my normal practice, I established that Defendant had reviewed the agreement in detail with his attorney prior to signing it and that his signature indicated that he read, understood, and agreed to the

terms of the plea agreement. Furthermore, his initials by each paragraph (including paragraphs 29 and 30) indicated his agreement to the terms of each paragraph.

At the time Defendant filed his Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g), it had been over three years since Defendant signed the plea agreement; therefore, I suspect Defendant does not have a copy of his plea agreement and did not recall the specifics in that agreement.

As stated above, the Court did not address forfeiture at sentencing or enter further orders relating to forfeiture of the Property.

## V. CONCLUSION

I respectfully recommend that Defendant's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g) (Doc. 40) be **denied**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. Section 636(b)(l) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** this 30th day of December, 2025.

_____
Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa