IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT DETTBARN, <br><br> Defendant. | No. 18-CR-1032 CJW-MAR <br><br><br> **ORDER** |

A Report and Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge, recommending the Court deny defendant's pro se motion for return of property, (Doc. 40), is before the Court. (Doc. 63). For the following reasons, the Court **adopts** the R&R and **denies** defendant's motion.

## I. BACKGROUND

On September 27, 2018, defendant pled guilty to possession of firearm by a felon in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). (Doc. 22). Paragraph 29 of the plea agreement stated

> [d]efendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and the search of defendant's person and a vehicle that defendant occupied on May 22, 2018. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57.3(c) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

(*Id.*, at 11–12). Defendant initialed next to that paragraph. Paragraph 30 listed additional categories of items that defendant agreed to disclaim property interest in. (*Id.*, at 12–

13). Defendant initialed next to that paragraph as well. On October 16, 2018, the Court accepted defendant's guilty plea. (Doc. 28).

In the instant motion, defendant "seeks the return of his personal property seized during all stages of his arrest and legal proceedings for which this case arises." (Doc. 40, at 1). More specifically, he requests return of the following items: "a) wallet; b) one (1) visa credit card; c) one (1) visa debit card; d) two (2) pocket knives; e) one (1) social security card; f) one (1) birth certificate; g) Black cellphone (Samsung Galaxy S7); h) Black cellphone protective case; i) small drawstring bag with engagement ring inside." (*Id.*, at 3). Defendant stated that "the items to be returned . . . were not subject to civil forfeiture, because the items were not used in his criminal case, nor were they seized for being contraband." (*Id.*, at 3–4). At the same time, defendant acknowledged that he pled guilty. (*Id.*, at 5).

In his R&R, Judge Roberts found that the items that defendant requested returned were seized during his arrest, and, therefore, defendant had forfeited those items under the plea agreement. (Doc. 63, at 3). Judge Roberts recommends the Court deny defendant's motion for return of property. (*Id.*, at 4). Neither party filed an objection.

## II. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

2

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (alteration in original) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). As neither party objected to the R&R, the Court reviews it for clear error.

### III. DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

First, "[t]he movant must establish lawful entitlement to the property." *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). "This burden is . . . satisfied by showing that the property was seized from the movant's possession, as a person from whom property is seized is presumed to have a right to its return." *Id.* The burden then shifts to the government to "establish a legitimate reason to retain the property." *Id.* at 397.

3

Here, the Court finds, like Judge Roberts, that defendant forfeited his claim to the property seized by law enforcement during their investigation of defendant when defendant entered into the plea agreement. In doing so, he gave up any lawful entitlement to the property, and his claim fails at the first step as he does not have a right to return of the property according to the terms of the plea agreement. Thus, Judge Roberts did not clearly err in concluding that defendant's motion for return of that property, even if it was not used in his criminal case or contraband, should be denied.

## IV.   CONCLUSION

For reasons stated, the Court **adopts** Judge Roberts' R&R. (Doc. 63). Defendant's motion for return of property (Doc. 40) is **denied**.

**IT IS SO ORDERED** this 29th day of January, 2026.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa